UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE J. MANGER,<br>   Plaintiff,<br><br>  v.<br><br>LEAPFROG ENTERPRISES, INC., et al.,<br>   Defendants. | Case No. 16-cv-01161-WHO<br><br>**ORDER DENYING EXPEDITED DISCOVERY AND SETTING HEARING ON PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 6 |

  Plaintiff Pete J. Manger, a shareholder of defendant LeapFrog Enterprises, Inc., is challenging the acquisition of LeapFrog by VTech Holdings Ltd. through a tender offer set to expire on April 1, 2016.  His 34 page complaint, which was filed on March 9, 2016, states claims, *inter alia*, that fall under the Private Securities Litigation Reform Act of 1995 (PSLRA).  Manger intends to file a motion for a preliminary injunction to stop the acquisition and wants expedited discovery, including three categories of documents and two depositions, prior to March 23, 2016, so that the parties can brief the preliminary injunction argument which Manger hopes will be heard on March 30, 2016.

  Manger's motion for expedited discovery is DENIED.  The PSLRA provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. 78u-4(b)(3)(B).  Given the recent filing of the Complaint, defendants have not moved to dismiss yet, but (as in virtually all such cases) they assert that they will.  In the Ninth Circuit, the PSLRA discovery stay provision has been construed to apply until the Court has sustained the legal sufficiency of the complaint. *See In re JDS Uniphase Corp. Sec. Litig.*, 238 F. Supp. 2d 1127, 1132-33 (N.D. Cal. 2002).

1      There is no necessity shown to preserve evidence here and there is nothing exceptional on this record that would warrant expedited discovery.  I agree with the reasoning in *Desmarais v. First Niagra Financial Group, Inc*., 2016 WL 768257 (D. Del., Feb. 26, 2016), a very similar PSLRA case in which the court denied expedited discovery.  Manger may file a motion for a preliminary injunction and rely on the legal and factual matter in his complaint, as could the plaintiff shareholder in *Desmarais*.  If that fails, he has sought other forms of relief, including rescissory damages, and he has not shown that such remedies would be inadequate.  He has not identified any unique circumstances that would differentiate this case from any other matter where a shareholder wants to challenge an acquisition; if expedited discovery was granted here, it could be granted in any such PSLRA case.  That runs counter to Congressional intent and the discovery stay provision in the PSLRA.

    I will hear argument on March 30, 2016 at 11 a.m.  The parties shall agree upon an expedited briefing schedule that is concluded with a filing by 9 a.m., Pacific Standard Time, on March 28, 2016.  If the parties cannot agree on such a schedule, they should notify my Courtroom Deputy by March 17, 2016 and I will set it.

**IT IS SO ORDERED**.

Dated: March 16, 2016



WILLIAM H. ORRICK
United States District Judge